<u>Not for Publication</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AHS HOSPITAL CORP./MORRISTOWN
MEDICAL CENTER,

        *Plaintiff*,

    v.

AETNA HEALTH, INC., et al.,

        *Defendants*.

Civil Action No. 22-6601

**<u>OPINION & ORDER</u>**

**<u>John Michael Vazquez, U.S.D.J.</u>**

Presently before the Court is a motion to dismiss filed by Defendant Aetna Health Inc. d/b/a Coventry Health Care of Georgia, Inc. ("Coventry"). D.E. 15. Plaintiff filed a brief in opposition, D.E. 18, to which Coventry replied, D.E. 19.[1] The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Coventry's motion is **GRANTED**.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

Coventry "provided for and/or administered" health care insurance coverage for T.F. and O.F., T.F.'s minor child.[2] SAC ¶¶ 7, 9. Plaintiff pleads, upon information and belief, that Coventry

---

[1] The Court refers to Defendant's brief in support of its motion (D.E. 15-2) as "Def. Br."; Plaintiff's opposition (D.E. 18) as "Plf. Opp."; and Defendant's reply (D.E. 19) as "Def. Reply".

[2] The factual background is taken from Plaintiff's Second Amended Complaint ("SAC"). D.E. 12. When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts as true all well-pleaded facts in the Complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

alleges it is a self-funded health insurance plan under ERISA. Plaintiff, however, pleads that it cannot confirm or deny this allegation. *Id.* ¶¶ 4-5.

Plaintiff, a hospital, provided medical care to T.F. and O.F. in 2016. *Id.* ¶¶ 13-15, 19. Presumably before receiving care, T.F. signed a form entitled "Consent for Treatment, Payment and Health Care Operations Including Admissions and Medical Treatment Authorization" for herself and O.F. The form included an assignment of benefits provision.[3] *Id.* ¶¶ 16-17. In addition, Plaintiff alleges that Coventry "expressly authorized and approved the aforesaid medical care and treatment" provided to T.F. and O.F. *Id.* ¶ 22. Coventry reimbursed Plaintiff for T.F.'s care but denied reimbursement for the care provided to O.F. *Id.* ¶¶ 20-24.

Plaintiff filed suit in the Superior Court of New Jersey, asserting three state law claims against Coventry. D.E. 1-1. Overall, Plaintiff alleges that Coventry should pay for O.F.'s medical care. Coventry removed the matter, based on this Court's diversity jurisdiction. *See* Notice of Removal ¶ 10. After obtaining leave, Plaintiff filed the SAC. In the SAC, Plaintiff asserts the same state law claims (First through Third Counts), in addition to two claims under ERISA Section 502(a), 29 U.S.C. § 1132(a)(1)(B) (Fourth and Fifth Counts). D.E. 12. Coventry filed the instant motion, seeking to dismiss the SAC pursuant to Rule 12(b)(6). D.E. 15.

## II.    STANDARD OF REVIEW

Rule 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face.

---

[3] Although Plaintiff pleads that it cannot confirm or deny whether the plan is governed by ERISA, the Court notes that "[a]s purported assignee, [Plaintiff] is charged with knowledge of all Plan terms." *Atl. Shore Surgical Assocs. v. United Healthcare Ins. Co.*, No. 20-3065, 2021 WL 2411373, at *4 (D.N.J. June 14, 2021).

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however, "must accept all of the complaint's well-pleaded facts as true" and give a plaintiff the benefit of all reasonable inferences flowing therefrom.  *Fowler*, 578 F.3d at 210.

### III.   ANALYSIS

#### 1. Express Preemption

Coventry first argues that Plaintiff's state law claims must be dismissed because they are expressly preempted by Section 514(a), 29 U.S.C. § 1144(a).  Def. Br. at 5-10.  Plaintiff counters that the record does not establish that the plan at issue is governed by ERISA.  Plf. Opp. at 11-12.

As discussed, in deciding a Rule 12(b)(6) motion to dismiss, a court assesses a plaintiff's well-pled factual allegations.  *Fowler*, 578 F.3d at 210.  Ordinarily, a court only considers allegations in the complaint, and no party needs to "establish" the existence any factual allegations in the pleading.  Here, Plaintiff pleads, upon information and belief, that the Coventry plan is a self-funded plan under ERISA.[4]  SAC ¶ 4.  Moreover, Plaintiff asserts two ERISA-based claims,

---

[4] Parties "may plead facts based upon 'information and belief,'" but they must "set forth the 'specific facts upon which the belief is reasonably based.'"  *ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d 486, 488 (D. Del. 2010) (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d

3

to the extent the Coventry plan is a self-funded ERISA plan. *Id.* ¶¶ 64, 76-77. Despite Plaintiff's current argument to the contrary, Plaintiff adequately alleges that the plan is governed by ERISA. Accordingly, the Court turns to Coventry's preemption argument.

Section 514 preemption, or ordinary preemption, is an affirmative defense that a defendant can assert against a state-law based claim that relates to an ERISA employee benefit plan. *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 226 (3d Cir. 2020). State law claims that are preempted by Section 514 are typically dismissed for failure to state a claim. *See, e.g.*, *Sleep Tight Diagnostic Ctr., LLC v. Aetna Inc.*, 399 F. Supp. 3d 241, 250-51 (D.N.J. 2019) ("Indeed, courts within this district have consistently dismissed claims for breach of contract, quantum meruit, promissory estoppel, and negligence when they arise from an ERISA-governed plan on the basis of [Section 514] preemption.").

Section 514(a) provides as follows: "the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]" 29 U.S.C. § 1144(a). "State law," for Section 514 preemption purposes, is defined as "all laws, decisions, rules, regulations, or State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). State common law claims may fall within this definition. *Plastic Surgery Ctr.*, 967 F.3d at 226. The Supreme Court, however, limited the seemingly endless reach of Section 514(a), recognizing that "if 'relate to' were taken to extend to the furthest stretch of its indeterminacy, then for all practical purposes pre-emption would never run its course." *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 319 (2016) (quoting *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995)); *see also Rutledge v. Pharm. Care Mgmt. Assoc.*,

---

1312, 1328 (Fed. Cir. 2009). Plaintiff does so here. Namely, Plaintiff pleads that its "upon information and belief" allegation is based on a representation from Coventry. SAC ¶ 4.

141 S. Ct. 474, 480 (2020) ("Crucially, not every state law that affects an ERISA plan or causes some disuniformity in plan administration has an impermissible connection with an ERISA plan"). Thus, the Supreme Court "sought to craft a functional test for express preemption." *Plastic Surgery Ctr.*, 967 F.3d at 226.

Under this functional framework, a claim "relates to" a plan "if it has either (1) a 'reference to' or (2) a 'connection with' that plan." *Id.*  A state-law claim references an ERISA plan if it "act[s] immediately and exclusively upon ERISA plans" or is "premised on" the plan. *Id.* at 230. Recently, the Third Circuit "distille[ed] two overlapping categories of claims 'premised on' ERISA plans." *Id.*  The categories are (a) "claims predicated on the plan or plan administration, *e.g.*, claims for benefits due under a plan or where the plan is a critical factor in establishing liability" and (b) "claims that involve construction of the plan or require interpreting the plan's terms."  *Id.* at 230 (internal quotations and punctuation omitted).  A state-law claim has a connection with an ERISA plan if it "require[s] providers to structure benefit plans in particular ways" and those that have "acute, albeit indirect, economic effects that force an ERISA plan to adopt a certain scheme of substantive coverage or effectively restrict its choice of insurers." *Rutledge*, 141 S. Ct. at 480.  "As a shorthand for these considerations," courts must ask "whether a state law governs a central matter of plan administration or interferes with nationally uniform plan administration." *Id.* (quoting *Gobeille*, 577 U.S. at 320).

In the First Count, Plaintiff seeks a declaratory judgment stating that Coventry must provide insurance coverage to O.F. and remit payment for the outstanding bills.  Plaintiff pleads that Coventry must do so because Plaintiff timely submitted the claim, provided necessary documentation, and that Coventry "has an obligation to provide insurance coverage to its members and their dependents."  SAC ¶¶ 32-25.  In the Second Count, Plaintiff pleads that as the active

5

insurer, Coventry had a contractual duty to remit payment for the care provided to O.F. *Id.* ¶ 40. Plaintiff further pleads that it is a third-party beneficiary of any express or implied contract with Coventry, and presumably T.F. *Id.* ¶ 41. In the Third Count, Plaintiff asserts that as the insurer for O.F., Coventry has been unjustly enriched by its retention of the payment for O.F.'s outstanding medical bills. *Id.* ¶ 48.

Each of these three claims is dependent on Coventry's position as the insurer. In fact, Plaintiff's overarching theory is that it is owed payment pursuant to the plan. This is illustrated by Plaintiff's arguments in opposition to the motion. Plaintiff, for example, argues that "[t]here is no question that the instant suit is one being brought to recover benefits due under the terms of a plan." Plf. Opp. at 13. Accordingly, Plaintiff's state-law claims are predicated on the plan and its administration.[5] *See Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 296 (3d Cir. 2014) ("Claims involving denial of benefits . . . require interpreting what benefits are due under the plan" and "are expressly preempted"); *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir. 2001) ("Thus, suits against HMOs and insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract, have been held to be preempted by § 514(a)."). Plaintiff's state law claims are preempted by Section 514(a) because they relate to an ERISA benefit plan.

2. **Section 502(a)**

Next, Coventry maintains that Plaintiff fails to plausibly plead a claim pursuant to Section 502(a)(1)(B) in the Fourth or Fifth counts. Def. Br. at 10-13. Section 502(a)(1)(B) provides a plaintiff with the right "to recover benefits due to him under the terms of his plan, [and] to enforce

---

[5] Plaintiff pleads that "Coventry expressly authorized and approved the aforesaid medical care and treatment." SAC ¶ 22. The Court notes that Plaintiff does not separately base its state law claims on the scope or legal impact of this express authorization or approval.

his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "A plaintiff seeking to recover under [this section] must demonstrate that the benefits are actually 'due'; that is, he or she must have a right to benefits that is legally enforceable against the plan." *K.S. v. Thales USA, Inc.*, No. 17-4789, 2019 WL 1895064, at *4 (D.N.J. Apr. 29, 2019) (quoting *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 575 (3d Cir. 2006)). For example, in *Atlantic Plastic & Hand Surgery, PA v. Anthem Blue Cross & Health Insurance Co.*, No. 17-4600, 2018 WL 1420496, *10-12 (D.N.J. Mar. 22, 2018), Chief Judge Wolfson determined that the complaint failed to plausibly state a claim for denial of benefits pursuant to Section 502(a). *Id.* at 10. Judge Wolfson explained that the plaintiff's allegation that the defendants failed to pay the plaintiff's usual and customary amount did not indicate that the defendants were required to do so under the applicable plan. *Id.*; *see also Gotham City Orthopedics, LLC v. Cigna Health & Life Ins. Co.*, No. 21-1703, 2022 WL 2116864, at *2 (D.N.J. June 13, 2022) (dismissing ERISA claim because "Plaintiff's pleading fails to include relevant and critical terms of the Plan . . . terms that are central to all of Plaintiff's claims and necessary for any meaningful review of their sufficiency"). Plaintiff's claims here fail for the same reasons. Plaintiff maintains that it "sufficiently allege[s] that the instant treatment was covered without making reference to a specific plan provision." Plf. Opp. at 17. But Plaintiff's failure to identify the relevant plan language renders its Section 502(a) claims implausible.

Although Plaintiff maintains that it does not need to reference plan provisions to survive a motion to dismiss, in its opposition brief, Plaintiff also explains why numerous provisions of the certificate of coverage support its claims. *Id.* at 17-24. In doing so, Plaintiff relies on numerous factual representations that are not pled in the SAC, including the circumstances that led to Plaintiff providing medical care to T.F. and O.F., that Plaintiff is a non-participating provider, and the room rate. *Id.* Plaintiff cannot amend its pleading through a brief. *Pa. ex rel. Zimmerman v. PepsiCo,*

7

*Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984))). Accordingly, the Court will not consider the new factual allegations in Plaintiff's brief.

Plaintiff also relies on specific sections of the plan's certificate of coverage in its opposition. *See*, *e.g.*, Plf. Opp. at 17 (citing Section 2.4.4 of the certificate of coverage). Although Plaintiff repeatedly cites to the certificate of coverage in its brief, Plaintiff does not explain why the Court may consider this document.[6] As discussed, when deciding a Rule 12(b)(6) motion to dismiss, a court is typically limited to the allegations in a pleading. A court, however, may also consider any document integral to or relied upon in the complaint. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997)). A document is integral if a "claim would not exist but-for the existence of the document." *Dix v. Total Petrochems. USA, Inc.*, No. 10-3196, 2011 WL 2474215, at *1 (D.N.J. June 20, 2011). Plaintiff does not rely upon the certificate of coverage in the SAC. Further, even assuming *arguendo* that the document is integral to Plaintiff's claims, Plaintiff does not reference any plan provisions in its pleading. As discussed, a party may not amend its pleading through a brief. The Court, therefore, will not consider the certificate of coverage sections to decide the motion. And as discussed, Plaintiff fails to identify any plan terms establishing that Coventry is responsible for O.F.'s medical care in the SAC. Plaintiff, therefore, does not plausibly plead a Section 502(a) claim in the Fourth or Fifth counts.

---

[6] Coventry provided a copy of the certificate of coverage as an exhibit to the Declaration of Amanda Baldassario in support of the motion to dismiss. D.E. 15-3. Moreover, Coventry argues in reply that the certificate of coverage is "'integral to' the ERISA status of the Plan upon which Plaintiff bases its claim." Def. Reply at 5 n.2.

### IV.     CONCLUSION

For the foregoing reasons, and for good cause shown

IT IS on this 22nd day of May, 2023,

**ORDERED** that Defendant's motion to dismiss (D.E. 15) is **GRANTED** and the Second Amended Complaint is **DISMISSED**; and it is further

**ORDERED** that the dismissal is without prejudice.  Plaintiff is provided thirty (30) days to file an amended complaint that cures the deficiencies noted herein.  If Plaintiff does not file an amended pleading within that time, the matter will be dismissed with prejudice.

John Michael Vazquez, U.S.D.J.